Filed 5/15/23  P. v. Vasquez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR VASQUEZ,<br><br>    Defendant and Appellant. | H049578<br>(Santa Clara County<br> Super. Ct. No. C1923620) |

Defendant Salvador Vasquez was sentenced to 12 years in prison after he was found guilty of a series of robberies.  Defendant contends on appeal that his trial counsel provided ineffective assistance by failing to seek mental health diversion on his behalf, and that the trial court improperly admitted the audio recording of a 911 call as evidence at his trial.  Finding neither deficient performance by trial counsel on this record nor an abuse of discretion by the trial court, we will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

Defendant pleaded no contest before trial to one count of possessing a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a), count 10) and one count of possessing a firearm as a felon (Pen. Code, § 29800, subd. (a)(1), count 11).  A jury then found defendant guilty of nine counts of second degree robbery (Pen. Code, § 212.5, subd. (c), counts 1 through 9).  The jury also found that he personally used a firearm in counts 2, 3, 4, 5, 8, and 9.  (Pen. Code, § 12022.53, subd. (b).)  The trial court sentenced appellant to concurrent two-year prison terms on the

nine robbery counts, plus 10 years for the firearm enhancement on count 2, for a total prison term of 12 years. The trial court struck the firearm enhancements on counts 3, 4, 5, 8, and 9, and sentenced defendant to 748 days jail on the admitted counts 10 and 11 which were deemed served.

The challenged 911 audio recording was introduced in connection with count 2, which involved the robbery of a Chevron gas station. In the 911 call made some two to four minutes after the robbery, a Chevron employee reported that the robber had been carrying a bag and had opened the bag to reveal a handgun inside. The employee did not testify at trial, but the audio recording of the call was admitted into evidence over defendant's objection. Other evidence, including descriptions of surveillance video from both inside and outside the gas station, established how police identified defendant as the robber.

In a post-trial interview, defendant told a probation officer that he had been diagnosed with bipolar disorder, ADHD, depression and PTSD and that he was taking several medications. The probation officer acknowledged defendant's "apparent mental health disorders and addiction" in his report, but expressed doubt that those issues were the "sole motivation" for defendant's "string of violent conduct." Defense counsel submitted a sentencing memorandum requesting probation based on defendant's "mental health and substance abuse issues." The trial court denied probation, but noted defendant's "documented history of mental health issues as well as substance abuse issues" as a mitigating factor in imposing sentence.

## II.   DISCUSSION

### A. PERFORMANCE OF TRIAL COUNSEL

To establish ineffectiveness of trial counsel in violation of a defendant's right to counsel under the Sixth Amendment to the United States Constitution, the defendant must show both that counsel's performance was deficient and that he was prejudiced by the deficiency. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.) Deficient

performance is rarely shown if there was a tactical reason for trial counsel's conduct. (See *People v. Bolin* (1998) 18 Cal.4th 297, 317 [affirming conviction where alleged failure to object may have been "an informed tactical choice within the range of reasonable competence"]; *People v. Cruz* (1980) 26 Cal.3d 233, 255–256 ["except in rare cases, an appellate court should not attempt to second-guess trial counsel as to tactics"].) And "unless the record reflects the reason for counsel's actions or omissions, or precludes the possibility of a satisfactory explanation, we must reject a claim of ineffective assistance raised on appeal." (*People v. Ledesma* (2006) 39 Cal.4th 641, 746.)

Defendant asserts that his trial counsel should have pursued mental health diversion under Penal Code section 1001.36. That section allows trial courts to grant pretrial diversion to qualifying defendants. (Pen. Code, § 1001.36, subd. (a).) At the time defendant was tried and sentenced, a defendant was eligible for diversion if he or she suffered from a mental disorder; that "mental disorder was a significant factor in the commission of the charged offense"; a "qualified mental health expert" believed that the "symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment"; the defendant would "not pose an unreasonable risk of danger to public safety" if treated in the community; and the defendant consented to diversion, waived speedy trial, and agreed to comply with treatment as a condition of diversion. (Former Pen. Code, § 1001.36, subd. (b)(1); Stats. 2019, ch. 497, § 203.) According to defendant, he was "obviously eligible" for diversion based on the facts set forth in the probation report and the sentencing memorandum.

The Attorney General argues that any facts unknown to trial counsel until after defendant's trial are irrelevant because Penal Code section 1001.36 provides only for "pretrial" diversion, and defendant could not have requested diversion once his trial commenced. But defendant notes that appellate courts are divided on the question of when a defendant may request diversion under Penal Code section 1001.36. (Compare *People v. Braden* (2021) 63 Cal.App.5th 330, 335, rev. granted July 14, 2021, S268925

3

[request must be made before trial] with *People v. Curry* (2021) 62 Cal.App.5th 314, 325, rev. granted July 14, 2021, S267394 [request timely if made at any time before judgment].)  We need not reach that question here because, even assuming a post-trial request is permissible, there could be a reasonable basis for trial counsel not making one.

The record does not indicate why trial counsel did not ask that defendant be granted diversion.  Contrary to defendant's suggestion that his trial counsel took no interest in the probation report, counsel specifically referenced the report in a sentencing memorandum that presented defendant's mental health disorders as a mitigating factor. Indeed, defendant himself notes that his trial counsel "was well aware of" his "mental health difficulties."  In addition to being aware of defendant's diagnosed mental health conditions, counsel argued in the sentencing memorandum that "mental health and substance abuse" motivated defendant to commit the crimes.  But the record does not reveal whether counsel also believed that defendant satisfied the remaining requirements for mental health diversion.  (See *People v. Banner* (2022) 77 Cal.App.5th 226, 238 [attorney who requested "informal mental health treatment but not statutory mental health diversion" may have believed that defendant "did not meet each criterion for eligibility"].)  As the record does not include an expert medical opinion as to whether defendant's symptoms would respond to mental health treatment, we cannot presume that such an opinion would have been favorable to defendant.  (See *id.* at p. 239.)  Defendant contends the proper course of action for counsel would have been to move the trial court for the appointment of experts, but it is possible that counsel consulted with an expert and determined that the better strategy was to pursue a lenient sentence rather than diversion. It is also possible that defendant did not consent to diversion for crimes in which he continued to deny involvement.  "A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding."  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

4

The question on appeal is whether, given counsel's knowledge of defendant's mental health disorders, there could be no satisfactory explanation for not seeking diversion under Penal Code section 1001.36. Because the limited appellate record before us does not foreclose a reasonable explanation for counsel's decisions, defendant has not met his burden to show deficient performance.

## B. ADMISSIBILITY OF THE 911 CALL

An out of court statement purporting "to narrate, describe, or explain an act, condition, or event perceived by the declarant" is admissible hearsay if "made spontaneously while the declarant was under the stress of excitement caused by such perception." (Evid. Code, § 1240.) We review the admission of evidence under that hearsay exception for an abuse of discretion. (*People v. Merriman* (2014) 60 Cal.4th 1, 65 (*Merriman*).)

In order for a statement to be admissible under the Evidence Code section 1240 exception, "(1) there must be some occurrence startling enough to produce this nervous excitement and render the utterance spontaneous and unreflecting; (2) the utterance must have been before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance; and (3) the utterance must relate to the circumstance of the occurrence preceding it." (*People v. Poggi* (1988) 45 Cal.3d 306, 318 (*Poggi*), quoting *Showalter v. Western Pacific Railroad* (1940) 16 Cal.2d 460, 468.) "Whether an out-of-court statement meets the statutory requirements for admission as a spontaneous statement is generally a question of fact for the trial court," and the court's answer to that question will be upheld if supported by substantial evidence. (*Merriman, supra,* 60 Cal.4th at p. 65.)

Defendant argues that the trial court abused its discretion in admitting an audio recording of the 911 call made by a Chevron employee following a workplace robbery. The 911 caller described having been robbed by a man with a gun approximately two to

5

four minutes earlier. After listening to the recording of the call, the trial court found it admissible as a spontaneous statement under Evidence Code section 1240: "Oh, I could hear that he was very under stress, and he states that he had fear of the gun and he's asking for people to come. [¶] I understand that not everybody who is under stress sounds hysterical and is crying. [¶] And I think you could really hear the stress in his voice. And I think what you just played for me more than satisfies the exception under [Evidence Code section] 1240 and would be admissible." Defendant disagrees with the trial court's assessment of the call, describing the caller as "calm and understated" and his voice as "quiet and polite" with a "business-like reserve." But "the fact that the declarant has become calm enough to speak coherently" is not "inconsistent with spontaneity" (*Poggi*, *supra*, 45 Cal.3d at p. 319). Although subjective interpretations of the caller's tone of voice may differ, the trial court also identified the caller's expression of fear and request for immediate assistance as the basis for spontaneous statement admissibility. We find substantial evidence supports the ruling and we see no abuse of discretion.

## III. DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Bromberg, J.


**H049578**
*People v. Vasquez*